Per Curiam:
A motion is made by the plaintiff for leave to amend the petition filed in this cause by naming as parties defendant the Sioux Tribe of Indians.
The original petition filed in this case by the decedent, who was then living, on April 27,1891, alleged two depredations, in August and October, 1869, whereby 11 mules and 3 sets of harness were taken by Cheyennes. The defendants named *19 in the petition were the United States and the Cheyenne Tribe of Indians. Subsequently, in July, 1895, an amended petition was filed by the administrator of Merravale which makes defendants the United States and the Cheyenne Tribe of Indians and follows the original petition with the further averment that claimant was duly appointed administrator. Again, in June, 1897, the present claimant filed an amended petition making parties defendant the United States and the Cheyenne Tribe of Indians and also following the averments of the original petition. Both amended petitions alleged depredations in August and October, 1869, by Cheyennes, and state the same property that is mentioned in the original petition.
This claim having come from the Indian Office, there was a stipulation that neither the plaintiff nor the defendants choáe to reopen the case, and there was a further stipulation by counsel representing the respective parties that the depredations which resulted in the plaintiff’s loss were committed by the Cheyennes and Sioux. The case was submitted to the court upon a motion for judgment, and a judgment was rendered against the United States and the said Sioux and Cheyennes for the amount found due by the Commissioner of Indian Affairs. Said judgment was rendered on January 4, 1893. Thereafter, in November, 1894, a motion was filed by the Government for a new trial, one of the grounds of the motion being that the depredation which formed the basis of the suit was not committed by the Sioux Tribe of Indians. In the defendants’ brief, filed in support of their motion for new trial, it is pointed out that the petition in this court makes the Cheyennes alone parties defendant, and that “ the Sioux are not named in the pleadings of this court.” The question thus raised was discussed in the brief for claimant on the motion for new trial. The motion for new trial was thereafter granted, and subsequently the case was dismissed out of this court for want of proof of citizenship. It may be conceded that the question of citizenship was the one principally considered by the court in granting the new trial, though it does not appear that the other grounds assigned were not also considered. After the act of January 11, 1915, 38 Stats., 791, the case was again restored to the docket, and *20 the motion now under consideration was filed on December 8, 1916.
The amendment now sought is to make the Sioux Indians also defendants, it appearing that the depredation in August was by Cheyennes alone and the depredation in October was committed by Sioux and not by Cheyennes. In other words, there were two depredations committed by two distinct tribes or bands of Indians. In the Martinez case, 195 U. S., 469, it was held that a tribe of Indians not originally named in the petition can not be brought into the action by amended petition after the limitation prescribed by the act had run. It is, however, insisted by the plaintiff that the court should allow the amendment and render judgment accordingly, because, he insists, first, that the Sioux were made parties to this suit prior to the running of the statute of limitation under the provisions of the Indian depredation act, “and, second, that this case is pending in this court now by virtue of the act of January 11, 1915, 38 Stats., 791, and, he argues, that the time for filing a petition under the last-named act has not expired. There is no merit in either of these contentions in the present case. The original petition and two subsequent amended petitions in this court named the Cheyenne Indians as defendants, and if it was allowable to amend and if an amendment was actually made as claimed under the Indian depredation act by making the Sioux defendants, the effect of the amendment was to charge the depredations alleged to both tribes or bands of Indians. Instead of showing a depredation by one band it was in effect the allegation of a joint depredation by two bands, and that allegation is not sustained by the proof. Neither of the depredations was committed by both bands. If the amendment were, therefore, made, the court would have to find that under the facts one depredation was committed by the Cheyennes and the other by the Sioux, and it could not render two judgments upon one petition, one against one defendant and the other against the other defendant. In such case it would render judgment against the Cheyennes because they were originally named and the proofs show a depredation by the Cheyennes. While the right of amend *21 ment is liberal, it is uniformly held that a party can not be brought in by amendment, and judgment be given against the party so brought in, to the exclusion of the original party. It is not allowable to make an entire change of parties, and a petition in a suit against the Cheyennes alone can not be made a support for a judgment against the Sioux by the process of amending the petition so as to make the Sioux joint defendants when the proof shows they are alone responsible for one of the alleged depredations. Assuming, therefore, that some action was taken prior to the running of the statute of limitation it was not such action as kept alive the claim against the Sioux.
A new petition could have been filed under the Indian depredation act within the statutory time which would have preserved the rights of the plaintiff under the claim of depredation by the Sioux, but no such petition was filed, and an attempt was made to make the Sioux the defendants to a petition alleging a depredation by Cheyennes, and thereby, if the amendment was allowable, the petition was changed from one against the Cheyennes alone to one against both the Cheyennes and Sioux. The facts do not sustain such a petition. Nor is the alleged right saved by the amendatory act above referred to. The act amended the Indian depredation act and required the court to reinstate cases which had been dismissed for want of proof of citizenship. It has a proviso, “ That nothing in this act shall be construed to authorize the presentation of any other claims than those upon which suit has heretofore been brought in the Court of Claims.” There has never been a suit brought against the Sioux for the depredation of October, 1869, independently of an attempted amendment to the petition against the Cheyennes. For the reasons stated that amendment clid not allege in fact or in effect a cause of action against the Sioux alone. If the amendment was made it simply averred a joint depredation, and the court would be powerless to render two separate judgments under the petition, which would be essential under the facts of the case to granting the relief prayed.
Having failed to bring suit properly against the Sioux under the Indian depredation act the plaintiff can get no aid *22 from the amendatory act. It follows that the motion must be overruled, and a judgment should be rendered upon the original petition against the Cheyennes and claim for the depredation committed by the Sioux must be dismissed.